UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MORAN, | No C 08-0690 VRW (PR) |
|     Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
|   v | |
| JAMES D HARTLEY, Warden, et al, | |
|     Respondent | |

Petitioner Juan Moran, a California state prisoner proceeding pro se, pursuant to 28 USC § 2254, challenges a decision by the Board of Parole Hearings ("Board") finding him unsuitable for parole.  Per order filed on June 20, 2008, the court (Snyder, MJ) found petitioner's claims cognizable and ordered respondent to show cause.  Respondent has filed an answer addressing the merits of the petition, and petitioner has filed a traverse.  Having reviewed the briefs and the underlying record, the court concludes that petitioner is not entitled to relief based on the claims presented and denies the petition.

I

On June 27, 1988, petitioner was convicted in Los Angeles County superior court of second-degree murder.  He was

1  sentenced to fifteen years-to-life.  In February 2006, the Board
2  found petitioner unsuitable for parole on the grounds that he
3  would pose an unreasonable risk of danger to society and a threat
4  to public safety if released at that time.  The Board based its
5  decision on the commitment offense.  Parole Hearing Transcript
6  ("PHT") at 45.
7          The facts of the commitment offense on which the Board
8  relied are as follows.  On August 17, 1989, petitioner along with
9  two members of the Pierce Street gang, attacked Melvin Reeves as
10 he was entering his apartment building.  The gang was notorious
11 for beating and robbing victims.  Petitioner joined two gang
12 members in beating the victim.  Witnesses saw petitioner throw a
13 shopping cart on Reeves.  After several minutes of vicious
14 beating, Reeves stopped moving.  Petitioner and the gang members
15 left the scene, only to return with twelve friends to continue
16 beating Reeves while joking, eating and drinking beverages.  The
17 assault had a carnival-like atmosphere.  The assailants removed
18 Reeves' clothing.  Reeves died without regaining consciousness.
19 The coroner's report noted that approximately 25 to 30 abrasions
20 and contusions were on the victim's body.  PHT at 5-6.
21         At the parole hearing, the Board reviewed petitioner's
22 record, including the circumstances of the commitment offense,
23 his psychological report, his behavior while in prison, the
24 opinions of law enforcement and his parole plans.  Although
25 petitioner originally denied returning to the crime scene, he has
26 since admitted doing so, but maintains that he did not
27 participate in the beating upon his return.  *Id* at 6-7.  The
28 Board also noted that petitioner's psychological report states

2

1  that petitioner has no psychological illness and is less
2  dangerous than the average citizen in the community.  *Id* at 33-
3  35.  The Board observed that petitioner received several "write-
4  ups" while in custody of the Youth Authority, including four
5  disciplinary infractions for group disturbance, a negligent act,
6  contraband and gang activity.  *Id* at 35.  At adult corrections,
7  petitioner was cited for possessing a tattoo device in 1995 and
8  for tattooing another inmate in 1997.  *Id*.  He was also cited for
9  an unauthorized absence from work in 1995, for "unauthorized
10 areas" in 1996 and for possession of contraband in 1999.  *Id* at
11 36-37.  The Board also reviewed petitioner's participation in
12 numerous self-help and vocational programs in prison, including
13 Alcoholics Anonymous, automotive repair, machine shop, masonry,
14 mill and cabinet program, office technology, group psychotherapy,
15 anger management and parenting classes.  *Id* at 27-33.  The Board
16 further reviewed a letter from the Los Angeles Police Department
17 stating that the crime was especially heinous and its motive was
18 trivial in relation to the offense.  The police department
19 recommended that parole be denied.  *Id* at 22.  Finally, the Board
20 reviewed petitioner's plans for parole, noting that petitioner
21 has several job offers, as well as arrangements for places to
22 live.  *Id* at 13-22.
23         After a full hearing, at which all of the above factors
24 were considered, the Board found petitioner unsuitable for parole
25 on the grounds that he "would pose an unreasonable risk of danger
26 to society or threat to public safety if released from prison."
27 PHT at 45.  In response to the Board's decision, petitioner filed
28 state habeas petitions, all later denied, in the Los Angeles

1  County superior court, California Court Appeal and the Supreme
2  Court of California.  On May 16, 2008, petitioner filed the
3  instant federal petition.  As grounds for federal habeas relief,
4  petitioner alleges that (1) the Board's finding of unsuitability
5  based on unchanging factors relating to the commitment offense
6  violated his right to due process; (2) the Board failed to make
7  an individualized assessment of all factors tending to
8  demonstrate petitioner's suitability for parole; and (3) the
9  Board's decision, rendered by a partial fact-finder, was
10 arbitrary and capricious and violated petitioner's due process
11 rights.

## II

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 USC § 2254(a); *Rose v Hodges*, 423 US 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 USC

§ 2254(d); *Williams v Taylor*, 529 US 362, 412-13 (2000).  A federal court must presume the correctness of the state court's factual findings.  28 USC § 2254(e)(1).  Habeas relief is warranted only if the constitutional error at issue had a "'substantial and injurious effect or influence in determining the jury's verdict.'"  *Penry v Johnson*, 532 US 782, 796 (2001).

The state court decision implicated by 2254(d) is the "last reasoned decision" of the state court.  *See Ylst v Nunnemaker*, 501 US 797, 803-04 (1991); *Barker v Fleming*, 423 F3d 1085, 1091-92 (9th Cir 2005).  When there is no reasoned opinion from the highest state court to have considered the petitioner's claims, the district court looks to the last reasoned state court opinion, which, in this case, is the Los Angeles County superior court's opinion denying the state petition for a writ of habeas corpus.  *See Nunnemaker*, 501 US at 801-06; *Shackleford v Hubbard*, 234 F3d 1072, 1079  n2 (9th Cir 2000).

III

A

Petitioner seeks federal habeas corpus relief from the Board's February 8, 2006, decision finding him unsuitable for parole on the ground that the decision does not comport with due process.  Petitioner claims that the Board improperly based its decision on the unchanging facts of his commitment offense.

Under California law, prisoners serving indeterminate life sentences, like petitioner, become eligible for parole after serving the minimum terms of confinement required by statute.  *In re Dannenberg*, 34 Cal 4th 1061, 1069-70 (2005).  At that point,

5

California's parole scheme provides that the Board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration." Cal Penal Code § 3041(b). Regardless of the length of the time served, "a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal Code Regs tit 15, § 2402(a). In making this determination, the Board must consider various factors, including the prisoner's social history, past criminal history, and base and other commitment offenses, including behavior before, during and after the crime. *See id*, § 2402(b) - (d).

One circumstance tending to show an inmate's unsuitability for parole is that the crime was committed in an "especially heinous, atrocious or cruel manner." *Id*, § 2402(c). Two factors that the parole authority may consider in determining whether such a circumstance exists are whether "[t]he offense was carried out in a manner that demonstrates an exceptionally callous disregard for human suffering," and whether "[t]he motive for the crime is inexplicable or very trivial in relation to the offense." *Id*, § 2402(c)(1)(D) & (E). In addition to these factors, the Board is to consider "all relevant, reliable information available." *Id*, § 2402(b).

California's parole scheme "gives rise to a cognizable liberty interest in release on parole which cannot be denied

6

without adequate procedural due process protections." *Sass v California Bd of Prison Terms*, 461 F3d 1123, 1128 (9th Cir 2006); *McQuillion v Duncan*, 306 F3d 895, 902 (9th Cir 2002). Petitioner's due process rights require that "some evidence" support the board's decision finding him unsuitable for parole. *Sass*, 461 F3d at 1125. This "some evidence" standard is deferential, but ensures that "the record is not so devoid of evidence that the findings of [the Board] were without support or otherwise arbitrary." *Superintendent v Hill*, 472 US 445, 457 (1985). Determining whether this requirement is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id* at 455-56.

Here, the record demonstrates that there is some evidence that "the offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering." Cal Code Regs tit 15, § 2402(c)(1)(D). As observed by the Board, petitioner and twelve other people attacked Reeves as he was walking into an apartment complex. Petitioner admitted kicking Reeves numerous times and throwing a shopping cart at him. Reeves was abused, defiled and stripped almost naked and left to die. No ambulance was called, nor was any compassion shown for the victim. PBT at 48. This demonstrated exceptional disregard for human suffering. PBT at 47-49. Additionally, the letter from the Los Angeles County Police Department pointed out that the motive for the crime was trivial in relation to the crime. *Id* at 22. The record thus contains some evidence to support the Board's finding that petitioner is not suitable for

1  parole.

2  Petitioner's argument that the Board's reliance on
3  static and unchanging factors relating to his offense violated
4  his right to due process is not supported by United States
5  Supreme Court precedent.  While circumstances of the commitment
6  offense may, at some point, become irrelevant with respect to a
7  parole suitability determination, they constitute, at present,
8  some evidence to support the Board's decision.  *Biggs v. Terhune*,
9  334 F3d 910, 916 (9th Cir 2003).  Furthermore, petitioner's
10 reliance on *Hayward v. Marshall*, 512 F.3d 536 (9th Cir 2008), to
11 buttress his argument is misplaced.  Because en banc review has
12 been granted in that case, the panel opinion cannot be relied
13 upon.  *Hayward v Marshall*, 527 F3d 797 (9th Cir 2008).

14 Finally, because in petitioner's view the circumstances
15 of his offense could not be considered more violent than the
16 minimum necessary to sustain his conviction, petitioner contends
17 that the Board's use of these circumstances in denying him parole
18 was arbitrary and capricious.  Petitioner fails to demonstrate
19 that the Board's actions create a cognizable federal claim.
20 Moreover, California's parole statutes allow the Board to find
21 unsuitability for parole without engaging in a comparative
22 analysis of other offenses or applying "uniform term" principles.
23 *Dannenberg*, 34 Cal 4th at 1098.  Petitioner's argument to the
24 contrary is unavailing.

25 Petitioner has not demonstrated that the state court's
26 rejection of petitioner's claim was contrary to, or an
27 unreasonable application of clearly established federal law, nor
28 has he demonstrated that it was based on an unreasonable

determination of facts. Accordingly, relief on this claim is denied.

B

Petitioner claims that the Board violated his due process rights when it failed to make an individualized assessment of factors tending to demonstrate his suitability for parole, as enumerated in Cal Code Regs tit 15, § 2402(d). These factors include an inmate's social history, motivation for his crime, plans for the future and institutional behavior.

Petitioner cites no binding authority requiring the Board to recite every single factor it considers at a parole hearing. Moreover, as noted above, the Board did in fact review petitioner's motive for his crime, his conduct and achievements in prison, as well as his plans once released on parole. Petitioner's arguments to the contrary lack merit.

Petitioner is not entitled to habeas relief on this claim.

C

Petitioner alleges that the Board is a partial fact-finder that violated his due process rights by arriving at an arbitrary and capricious decision. Petitioner cites no persuasive evidence demonstrating that the Board is biased. Furthermore, as discussed below, the Board's decision was not arbitrary and capricious.

Due process requires that the evidence underlying the Board's decision have some indicia of reliability. *Biggs*, 334

F3d at 915; *McQuillion*, 306 F3d at 904. Relevant to this inquiry is whether the prisoner was afforded an opportunity to appear before, and present evidence to, the Board. *See Pedro v Oregon Parole Bd*, 825 F2d 1396, 1399 (9th Cir 1987). If the Board's determination of parole unsuitability is to satisfy due process, there must be some evidence with some indicia of reliability, to support the decision. *Rosas v Nielsen*, 428 F3d 1229, 1232 (9th Cir 2005). The record shows that the Board afforded petitioner and his counsel an opportunity to speak and present their case at the hearing, allowed them to present relevant documents and provided them with a reasoned decision in denying parole. As discussed above, the facts detailed by the Board constitute "some evidence" to support its conclusion. The Board's decision was not arbitrary and capricious.

Petitioner is not entitled to habeas relief on this claim.

## IV

Because the record contains, at a minimum, some evidence to support the Board's finding that petitioner would present an unreasonable risk of danger to society if released, the court finds the state court's determination was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent, nor can the court say it was based on an unreasonable determination of the facts. Furthermore, because petitioner's claims can be resolved by reference to the record and the record precludes habeas relief, an evidentiary hearing is not required. *See Schiro v Landrigan*,

127 S Ct 1933, 1940 (2007).

       Accordingly, the petition for writ of habeas corpus is hereby DENIED.  The clerk shall enter judgment, terminate all motions and close the file.

    IT IS SO ORDERED.

                        VAUGHN R WALKER
                        United States District Chief Judge